IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:26-CV-169

UNITED STATES OF AMERICA
f/b/o BROCK MOUNTAIN LAND
COMPANY, LLC, a North Carolina
limited liability company,

      Plaintiff,

v.

THE HANOVER INSURANCE
COMPANY, a foreign insurance
company,

                                DEMAND FOR JURY TRIAL

      Defendant.
_____/

## **COMPLAINT**

Plaintiff, UNITED STATES OF AMERICA F/B/O BROCK

MOUNTAIN LAND COMPANY, LLC ("Brock" or "Plaintiff") sues

Defendant, THE HANOVER INSURANCE COMPANY ("Hanover" or

"Surety"), and states the following:

## **INTRODUCTION**

1. This is a Miller Act, United States Code Annotated, Title 40,

Sections 3131 to 3134 (40 U.S.C. §§ 3131 to 3134) ("The Miller Act"), claim

144669499.3

filed by Brock against Hanover for nonpayment for work performed by Brock on a Federal Highway Association ("FHWA") project.

2. As of the date of this filing, neither Hanover, the Surety, nor the general contractor, Central Southern Construction Corporation ("CSC" or the "General Contractor"), has paid Brock for certain work performed by Brock.

## **PARTIES, JURISDICTION, AND VENUE**

3. Brock is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal office and place of business located at 901 Old Mars Highway, Suite 5, Weaverville, North Carolina 28787.

4. Brock is in the business of sitework and clean-up services on construction projects.

5. Defendant Hanover is a foreign insurance corporation authorized to engage in the business of executing surety bonds, having its principal office and place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653; and doing business in North Carolina.

6. This action arises and the court has jurisdiction under the Miller Act.

7.     Venue is proper in the Western District of North Carolina because the principal contract described in Paragraph 8, *infra*, is between CSC and the United States of America, acting by and through the FHWA, for work performed at the Blue Ridge Parkway Park ("the BLRI 1 Project"), in Buncombe County, North Carolina, within the Western District of North Carolina.

## GENERAL ALLEGATIONS

8.     On December 26, 2024, CSC entered into a construction contract (referred to as the "Prime Contract"), with the United States of America, acting by and through the FHWA, to furnish the materials and perform the labor for the emergency repair of the Blue Ridge Parkway pursuant to the Task Order No. 693C73-25-F-00023N, titled Emergency Repair of Blue Ridge Parkway, 2N-2R from MP 355.3 to MP 392.0, located in the Blue Ridge Parkway Park ("BLRI") in Buncombe County, North Carolina.

9.     The work on the BLRI 1 Project was to be done in accordance with the specifications contained in the Prime Contract.

10.     Brock does not possess a copy of the Prime Contract, but alleges that CSC and/or Surety have a true and complete copy of the same in their possession, custody, or control.

11. On January 6, 2025, CSC, as principal, and Defendant Hanover, as surety, executed and delivered to the United States of America the Payment Bond for the Obligation titled Blue Ridge Parkway NC ERFO NP BLRI 2024-1(1) (the "Payment Bond"), pursuant to the terms of the Prime Contract.

12. The Payment Bond, a true and accurate copy of which is attached to this Complaint as part of <u>Exhibit A</u> and incorporated by reference, was for the protection of all persons supplying labor and materials in the performance of the work provided for in the Prime Contract.

13. On January 29, 2025, Brock and CSC entered into a Subcontract Agreement (the "Subcontract"), by which Brock agreed to furnish certain labor and equipment required for the Project under the Prime Contract between CSC and the United States of America. A true and accurate copy of this Subcontract is attached hereto as part of <u>Composite Exhibit B</u> and incorporated by reference.

14. The original Subcontract Price for which Brock was to be paid totaled $3,499,585.00.

15. There were two change orders to the Subcontract in the amount of $5,053,750.00 and $90,000.00, respectively, for additional work on the

Project.  True and accurate copies of the two change orders are attached to this Complaint as part of <u>Composite Exhibit B</u> and incorporated by reference.

16.    According to CSC, its subcontracts with Brock were "Fixed Unit Price" contracts, such that established pay items with unit prices could be exceeded in quantity, based on actual work performed, approved, and paid for by the FHWA.

17.    Brock performed additional debris removal work pursuant to the fixed unit prices in the Subcontract and/or Change Order No. 001, or alternatively, at the authorization and direction of CSC and/or FHWA, in an amount totaling at least $2,067,146.76.

18.    Brock commenced its Work pursuant to the Subcontract in February of 2025 and furnished labor, materials, and equipment as prescribed in the Subcontract.

19.    Brock performed labor and supplied materials to the BLRI 1 Project in order to stabilize damage to the Blue Ridge Parkway caused by Hurricane Helene.

20.     Pursuant to the Subcontract, Brock completed the following work:

    a. slide repairs;

b. embankment repairs;

c. shoulder and ditch reconditioning;

d. debris removal;

e. culvert repair; and,

f. other miscellaneous work in the Blue Ridge Parkway Park, to include mobilizing to the Project.

21. The reasonable value of such labor, materials, and equipment supplied to the BLRI 1 Project under the Subcontract, as modified by change orders and authorized extra work, was $10,710,481.74.

22. To date, Brock has substantially completed and complied with its obligations under the Subcontract, or such requirements have been waived.

23. After credit for all payments to date, CSC owes Brock $7,574,037.77, exclusive of interest, attorney's fees and costs, for the labor performed and materials provided by Brock to CSC for the Project.

24. A period of more than ninety (90) days has elapsed since Brock performed labor, supplied materials, or supplied equipment to CSC for the work performed in accordance with the Prime Contract.

25. As of the date of this filing, Brock has not been fully paid by CSC or Hanover for all labor performed, materials furnished, and equipment provided for the performance of the Prime Contract.

## COUNT 1
## <u>MILLER ACT CLAIM</u>
### (against Hanover)

26. Brock realleges and incorporates fully the allegations contained in Paragraphs 1-25 of the Complaint as fully stated herein.

27. Brock performed labor and supplied materials to the Project as part of both the Prime Contract and Subcontract.

28. Brock has not been fully paid as of the date of this filing.

29. Brock performed labor and supplied materials in the good faith belief that the labor and materials were for the specific project identified in both the Prime Contract and the Subcontract.

30. All conditions precedent for the bringing and maintenance of this action have been performed, have occurred or have been waived by the Defendants.

31. Brock has incurred damages of $7,574,037.77 for work performed, labor, and supplied materials and equipment to CSC on the Project, for which Brock has not received payment.

144669499.3

32. Brock has been required to retain the undersigned attorneys to prosecute this action and is entitled to recover attorneys' fees and court costs from CSC and Hanover, pursuant to the Subcontract and Florida law.

WHEREFORE, the United States of America, on behalf of and to the use of Brock Mountain Land Company, LLC, requests judgment against Defendant, The Hanover Insurance Company, as follows:

A. For the sum of $7,574,037.77, in addition with prejudgment interest at the legal rate on such amount awarded as allowed by law, until paid;

B. For attorneys' fees and costs of this action; and,

C. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Brock hereby demands a jury trial on all issues so triable.

Dated: June 12, 2026

Respectfully submitted,


/s/ Philip S. Anderson
Philip Anderson
N.C. Bar No. 21323
The Van Winkle Law Firm
11 North Market Street
Asheville, NC 28801
Telephone: 828-258-2991
panderson@vwlawfirm.com

-and-

Donald Kirk (*pro hac vice forthcoming*)
Florida Bar No. 105767
Brett M. Henson (*pro hac vice forthcoming*)
Florida Bar No. 84259
Stefano Cavallaro (*pro hac vice forthcoming*)
Florida Bar No. 1024884
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33607-5736
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
Primary Email:
dkirk@carltonfields.com
bhenson@carltonfields.com
scavallaro@carltonfields.com
Secondary Email:
cwarden@carltonfields.com
mkihn@carltonfields.com
tpaecf@cfdom.net

*Attorneys for Plaintiff, Brock Mountain Land
Company, LLC*